UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON R.,

                            Plaintiff,

v.                                                      CASE NO. 1:22-cv-00493
                                                        (JGW)
COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

APPEARANCES:                                    OF COUNSEL:


HILLER COMERFORD INJURY &              JEANNE E. MURRAY, ESQ.
DISABILITY LAW                                   KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                          IDA M. COMERFORD, ESQ.
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.            VERNON NORWOOD, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

### MEMORANDUM-DECISION and ORDER

        The parties consented in accordance with a standing order to proceed before the

undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).

The matter is presently before the court on the parties' cross-motions for judgment on the

pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of

the administrative record and consideration of the parties' filings, the plaintiff's motion for

judgment on the administrative record is DENIED, the defendant's motion for judgment

on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born on March 25, 1986, and has at least a high school education. (Tr. 176, 202). Generally, plaintiff's alleged disability consists of multiple sclerosis, optic neuritis, fatigue, muscle spasms, myoclonic jerks, pain, trouble sleeping, and memory issues. (Tr. 201).  His alleged disability onset date is June 3, 2017. (Tr. 209). His date last insured is December 31, 2022. (Tr. 209).

### B.    Procedural History

On June 18, 2020, plaintiff applied for a period of Disability Insurance Benefits (DIB) under Title II of the Social Security Act. (Tr. 209). Plaintiff's application was denied initially and upon reconsideration. (Tr. 73). He timely requested a hearing before an Administrative Law Judge (ALJ). On September 10, 2021, plaintiff appeared before ALJ Brian Kane.  (Tr. 32-59). On September 28, 2021, ALJ Kane issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 7-20).  On April 28, 2022 the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2. The claimant has not engaged in substantial gainful activity since June 3, 2017, the alleged onset date (20 CFR 404.1571 et seq.).

3. The claimant has the following severe impairments: multiple sclerosis; obesity; and optic atrophy/neuritis and astigmatism in the bilateral eyes (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except he cannot work at jobs requiring "good visual acuity."

6. The claimant is capable of performing past relevant work as a kitchen helper and school bus monitor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from June 3, 2017, through the date of this decision (20 CFR 404.1520(f)).

## II.    THE PARTIES' BRIEFINGS

### A.    Plaintiff's Arguments

Plaintiff makes essentially two separate arguments in support of his motion for judgment on the pleadings. First, plaintiff argues the ALJ failed to properly evaluate the opinion of Dr. Toor. Second, plaintiff asserts the ALJ improperly diminished the credibility of his subjective complaints. (Dkt. No. 7 [Pl.'s Mem. of Law].)

### B.    Defendant's Arguments

Defendant responded to plaintiff's arguments. First, defendant asserts substantial evidence supports the ALJ's determination that the opinion of Dr. Toor was partially persuasive. Next, defendant argues the ALJ properly assessed plaintiff's subjective complaints.  (Dkt. No. 10 [Def.'s Mem. of Law].)

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.    Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

### A.  Consultative Opinion

Plaintiff argues the ALJ failed to properly evaluate the 2020 opinion from consultative examiner Dr. Toor. (Dkt. No. 7 at 8). Pursuant to the Revisions to Rules Regarding the Evaluation of Medical Evidence ("Revisions to Rules"), 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017), applicable to claims, such as plaintiff's, which are filed on or after March 27, 2017, the Commissioner is obligated to consider all medical opinions and evaluate their persuasiveness based on the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, with particular importance placed upon consistency and supportability. *Jacqueline L. v. Comm'r of Soc. Sec'y*, 515 F. Supp.3d 2, 7 (W.D.N.Y. 2021), citing 20 C.F.R. § 416.920c(a) & (c). To allow a reviewing court to trace the path of an ALJ's reasoning, an ALJ is required to explain their consideration of the supportability and consistency factors by pointing to specific evidence in the record to support the ALJ's findings regarding medical opinions. *Id., citing* 20 C.F.R.§ 416.920c(b)(2). On this record, the Court finds remand is not warranted based on the ALJ's consideration of the opinion evidence, including Dr. Toor's opinion.

At the August 26, 2020, appointment with Dr. Toor, plaintiff complained of occasional balance and memory difficulties, blurred vision, and fatigue but reported that he cooked three times per week; occasionally cleaned; washed his laundry and shopped, albeit with some help; played video games, read, watched YouTube, and socialized. (Tr. 525). Upon examination, Dr. Toor observed that plaintiff's visual acuity was at 20/70 on a Snellen chart in both eyes at twenty feet with glasses. Plaintiff's gait and stance were

normal, and he exhibited no difficulty changing for the examination, getting on and off the examination table, nor rising from a seated position. Plaintiff demonstrated full muscle strength and full ranges of motion as well as normal reflexes and sensations throughout his arms and legs. (Tr. 526-27). Plaintiff's hand and finger dexterity were intact with full grip strength bilaterally. (Tr. 527). Dr. Toor concluded that "[s]ometimes complications from multiple sclerosis interferes with [plaintiff's] physical routine or balance and memory. Fatigue can also interfere with his routine. No other medical limitations." (Tr. 527). Relying upon plaintiff's self-described daily activities and a mostly normal medical exam, ALJ Kane found this opinion partially persuasive, explaining that it was more persuasive in establishing that plaintiff did not have disabling physical impairments that would preclude his ability to perform work, but less persuasive because Dr. Toor did not provide a function-by-function assessment of plaintiff's physical activities and opinions provided were broad and vague. (Tr. 17-18).

Plaintiff asserts that the Court is unable to trace the path of the ALJ's reasoning because there were not pin-point citations to specific records but only to exhibits containing multiple pages. While failure to adequately explain how the ALJ considered the supportability and consistency of medical opinions constitutes procedural error, as long as " 'a searching review of the record' assures [the court] 'that the substance of the [regulation] was not traversed,' " any error in not considering the supportability and consistency factors is harmless. *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (*quoting Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) (internal citation and quotation marks omitted)). As described above, ALJ Kane did not

fail to consider either factor in his analysis nor did he fail to provide an explanation when considering the persuasiveness of the opinion.

Rather, the ALJ engaged in a thorough review of the medical evidence and noted in several places how the objective evidence either did or did not support particular functional limitations. *Sarah M.K. v. Comm'r of Social Security*, 2022 WL 4232880 (W.D.N.Y. Sept. 14, 2022)(In general, although the ALJ's assessment of a medical opinion was cursory, the abundance of citations to specific treatment records throughout the ALJ's full decision suggests a thorough examination of the evidence). For instance, the ALJ discussed Dr. Toor's unremarkable findings, as well as observations and findings from other medical providers, when considering the supportability of the opinion. As stated above, the only observed shortcoming by Dr. Toor was in plaintiff's visual acuity. (Tr. 525). Dr. Hilburger, plaintiff's neurologist, consistently observed that plaintiff's gait was normal, and he demonstrated full muscle strength, as well as normal reflexes and sensations throughout his arms and legs. (Tr. 320, 322, 324, 326, 328). Dr. Tan, plaintiff's internist, also observed that his gait was normal, and he demonstrated full muscle strength and ranges of motion as well as normal reflexes and sensations throughout his arms and legs. (Tr. 752, 789, 837, 874). Also, as to plaintiff's vision, Dr. Rockwell, a consultative optometrist, assessed that plaintiff's visual acuity was at 20/80 for both eyes with glasses. (Tr. 540). Dr. Rockwell observed that plaintiff could navigate and maneuver around objects, as well as read without difficulty. (Tr. 542). Moreover, plaintiff told his medical sources at University Eye Specialists that he had only occasional mild difficulty reading fine print, no difficulty with distance visual acuity, and could see well enough to get by without glasses. (Tr. 987, 995).

While discussion by the ALJ of the specific records in his analysis of the supportability and consistency factors were admittedly vague, there is no question the ALJ took these factors into account when evaluating both plaintiff's testimony and the medical opinions concerning his functioning. It is readily apparent that the ALJ supported his finding with substantial evidence. Therefore, under these circumstances, the Court finds that the substance of the applicable regulation has not been violated, and under the deferential standard for this Court's review of administrative action, this Court "cannot say that no reasonable factfinder could have reached the same conclusion" as the ALJ found. *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).

## B. Subjective Complaints

Plaintiff next asserts the ALJ failed to properly assess the credibility of his subjective complaints and overemphasized/mischaracterized his ability to perform activities of daily living and perform part-time work. (Dkt. No. 7 at 12). For the reasons discussed below, the Court finds this argument meritless.

In assessing an individual's subjective claims of symptoms, an ALJ must first determine whether the individual has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms, and, if so, the ALJ must then evaluate the intensity and persistence of those symptoms to determine the extent to which those symptoms limit the individual's ability to perform work-related activities. SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017); *see Lori S. C. v. Comm'r of Soc. Sec.*, No. 3:22-CV-0625 (AMN/DEP), 2023 WL 5776433, at *4 (N.D.N.Y. June 1, 2023) (discussing the two-step review protocol for assessing a claimant's subjective reports of symptoms), report and recommendation adopted, 2023 WL 5089017 (N.D.N.Y. Aug. 9, 2023).

When addressing the second prong, an ALJ must consider the objective medical evidence and other evidence in the record, including statements by the claimant and reports from both medical and non-medical sources, and must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms, considering relevant factors which include evidence regarding (1) daily activities, (2) the location, duration, frequency, and intensity of pain or other symptoms, (3) factors that precipitate or aggravate the claimant's symptoms, (4) the type, dosage, effectiveness, and side effects of medication, (5) any treatment other than medication that is used to relieve the symptoms, (6) other measures to obtain relief of symptoms, and (7) any other relevant factors. *Amy T. v. Comm'r of Soc. Sec.*, No. 5:20-CV-0910 (DEP), 2021 WL 6063057, at *5 (N.D.N.Y. Dec. 22, 2021) (citing SSR 16-3p, 2017 WL 5180304, at *3-8).

Here, plaintiff concedes that the ALJ did cite his routine and conservative treatment, improvement with medications, minimal interference with daily activities and part-time work, as reasons for not fully crediting plaintiff's alleged limitations. (Dkt. No. 7 at 12). Plaintiff contends the ALJ gave too much emphasis on daily activities and work-history and focused on his complaints of visual/cognitive issues and fatigue but cites no medical evidence to support his argument only testimony from the hearing. (Dkt. No. 7 at 13-14). However, where the ALJ's findings are supported by substantial evidence, the decision to discount subjective testimony may not be disturbed on court review. *Crysler v. Astrue*, 563 F. Supp. 2d 418, 440 (N.D.N.Y. 2008) (*citing Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984)); *see Banks v. Comm'r of Soc. Sec.*, No. 20-CV-3867 (EK), 2023 WL 5718757, at *3 (E.D.N.Y. Sept. 5, 2023) ("The ALJ's assessment of an individual's 'subjective complaints' regarding her pain and other

symptoms is entitled to substantial deference by a reviewing court.") (*quoting Rivera v. Berryhill*, No. 17-CV-991 (JLC), 2018 WL 4328203, at *10 (S.D.N.Y. Sept. 11, 2018)).

Indeed, as noted above and in plaintiff's brief, the ALJ adequately explained his reasoning for not fully crediting the alleged limitations. For example, MRI findings of the brain had been stable from 2017 through 2020 with no active demyelination, regional infarction or restricted diffusion, no intra-axial or extra-axial mass or hemorrhage, and no focus of unusual brain or dural enhancement or finding of vascular malformation. (Tr. 755; see Tr. 286-89). Similarly, plaintiff consistently told specialist Dr. Hilburger that his multiple sclerosis was stable, and he was doing well. (Tr. 320, 322, 324, 326, 328, 1000). From February 3, 2017, through January 29, 2020, Dr. Hilburger agreed that plaintiff's multiple sclerosis was stable with medication. (Tr. 320, 322, 324, 326, 328). Plaintiff repeatedly told Dr. Tan that he did not have blurred vision. (Tr. 751, 788, 802, 810, 836, 861, 873). Plaintiff also told his medical sources at University Eye Specialists that he had only occasional mild difficulty reading fine print, no difficulty with distance visual acuity, and could see well enough to get by without glasses. (Tr. 987, 995). Dr. Brownfeld, a consultative psychologist, observed that plaintiff's attention span, as well as his concentration and memory skills were intact with no limitations assessed from any cognitive problems. (Tr. 530).

Plaintiff specifically criticizes the ALJ's consideration of his activities of daily living in assessing his limitations. However, although ALJs must be careful not to overinterpret a claimant's ability to perform limited tasks as evidence of the ability to maintain full-time, competitive, remunerative work, the regulations expressly permit consideration of the claimant's daily activities when assessing credibility. *See* 20 C.F.R. § 404.1529(c)(3)(i).

A claimant's normal range of activities may be relied upon as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539 (AT) (JLC), 2020 WL 2212404 at *——, 2020 U.S. Dist. LEXIS 80836 at *53 (S.D.N.Y. May 7, 2020)(citation omitted). In this case, plaintiff reported that he prepared simple meals, washed dishes, cleaned, washed his laundry, took out the garbage, shopped in stores, listened to music, watched YouTube, played video games, attended church services, managed his money, attended medical appointments, and socialized. (Tr. 234-38, 525, 531). Additionally, plaintiff testified at his hearing that he had been working 20-24 hours a week at a grocery store since December 2020. (Tr. 38-39).

Here, the ALJ offered specific support for his decision to discount plaintiff's subjective complaints, including a reasonable reading of the treatment notes and clinical assessments, an appropriate reconciliation of the medical opinion evidence, and proper consideration of the activities of daily living. (Tr. 14-17). This is sufficient to sustain this aspect of the ALJ's decision under the deferential standard of review applicable here. *See Stanton v. Astrue*, 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding ... where the ALJ identified specific record-based reasons for his ruling"); *see also Chastity A. v. Kijakazi*, No. 3:21-CV-551(DJS), 2022 WL 1984148, at *5 (N.D.N.Y. June 6, 2022) (explaining that the evaluation of subjective complaints "can be reversed only if [the ALJ's analysis is] patently unreasonable").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is

**DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 10) is

**GRANTED**.


Dated: November 19, 2024                    J. Gregory Wehrman
Rochester, New York                         HON. J. Gregory Wehrman
                                            United States Magistrate Judge